The plaintiff's intestate was killed while engaged as a locomotive engineer in running a heavy freight train easterly on the West Shore railroad at a point where there is but a single track. The engine which was being driven by the intestate came into collision with one of the cars of a west-going train which was passing from such track upon a side track pursuant to orders given to its engineer to enable the train run by the intestate to pass. The west-going train consisted of about eighty cars and it had all passed upon the side track except about five cars when the collision occurred which resulted in the intestate's death.
The jury could have found that the intestate understood the signals given to him when he entered the block in which the accident occurred as showing that the block was clear and that in consequence of his understanding *Page 346 
of the signals he increased the speed of his train to such an extent that when he saw the west-going train was not fully off the through track he was unable to stop his train in time to avoid the collision.
If by the rules of the defendant the intestate had a right, as a matter of law or fact, to assume that the block was clear, then the questions of fact arising upon the issues should have been submitted to the jury. We also think that if the rules of the defendant were so uncertain that an engineer might reasonably construe them as they doubtless were construed by the intestate, the issues should have been submitted to the jury.
The members of this court differ in their construction of the rules of the defendant and as to the duty of the intestate under them. A majority of the court are of the opinion that upon the record now before us there is such uncertainty in the rules as to make it a question of fact whether the defendant was negligent and the intestate free from contributory negligence in what occurred leading to the unfortunate accident.
Upon a new trial the parties should and may be able to make more clear the duties of the telegraph operator and attendant at the westerly end of the block in which the accident occurred and of the intestate as a locomotive engineer in entering such block.
The judgment should be reversed and a new trial granted, with costs to abide the event.
CULLEN, Ch. J., WILLARD BARTLETT, HOGAN and MILLER, JJ., concur; CUDDEBACK, J., dissents; HISCOCK, J., not voting.
Judgment reversed, etc. *Page 347