PAUL L. PIERCE, an Infant, by DOLLEY S. PIERCE, His Guardian ad Litem, Respondent, *v.* JACOB E. K. MORRIS, Appellant.

Fourth Department, May 12, 1920.

Depositions — examination of defendant before trial — action to recover for personal injuries — scope of examination — discretionary power of court.

Where in a suit to recover for injuries to an infant twelve years of age who was run down by the defendant's automobile and so seriously injured that he lay at the point of death for weeks, it appears that the infant was alone at the time of the accident and has no other witnesses, it was proper for the court in ordering an examination of the defendant before trial to allow him to be fully examined as to the time, place and circumstances of the accident, and also to allow an examination as to the defendant's treatment of the plaintiff following the accident, the defendant being a physician. But an examination should not be allowed as to the duration of the injuries, for that is a matter of expert opinion which the defendant should not be required to give.

The sections of the Code of Civil Procedure regulating an examination of parties before trial authorize a general examination, but also give to the court the discretionary power to limit the scope of the examination.

The discretion of the judge as to the scope of the examination will not be interfered with on appeal, unless it appears that there has been an abuse of discretion.

The fact that the complaint alleges the facts necessary to be proved by the plaintiff upon the trial, or that the answer contains a general denial, does not prevent the granting of the order.

APPEAL by the defendant, Jacob E. K. Morris, from an order of the Supreme Court, made at the Cattaraugus Special Term and entered in the office of the clerk of the county of Cattaraugus on the 10th day of May, 1919, limiting the scope of the examination of the defendant before trial.

*Benjamin C. Ticknor* [*George A. Larkin* of counsel], for the appellant.

*P. S. Collins,* for the respondent.

HUBBS, J.:

The plaintiff, an infant twelve years of age, was seriously injured by being run down by an automobile owned by the

defendant.   An order was made, under section 873 of the Code of Civil Procedure, to examine the defendant generally.   Upon motion of the defendant, made upon the papers upon which the original order was granted, the Special Term limited the scope of the examination and the defendant has appealed from said order upon the ground that the court did not limit the scope of the examination sufficiently.   The order appealed from permitted the examination of the defendant upon the following questions:

(1) The ownership of the car.

(2) The management, control and driver of the car at the time of the accident.

(3) The business in connection with which the car was being operated at the time.

(4) The time, place and circumstances of the accident fully.

(5) The defendant's connection with the treatment of the plaintiff following the accident; the extent, particulars and duration of the injuries.

The appellant concedes that the order was properly made to include an examination upon the matters set out in the first three paragraphs, but urges that it should be modified by striking out the last two paragraphs.

In determining the question, it is necessary that we keep in mind the unusual situation disclosed by the moving papers. The plaintiff was only twelve years of age.   When injured he was alone and has no other witness to the accident.   He was so seriously injured that he lay at the point of death for weeks and was unable to find witnesses and investigate the facts in regard to the accident.   The mother of the plaintiff, his guardian *ad litem*, states, in her affidavit, that the witnesses for the defendant have declined to give her the name of the person driving the car at the time; that the only statement of the conditions surrounding the accident she has been able to obtain is a statement by her little boy regarding it; that she has no other means of ascertaining the facts surrounding the accident than the examination of the defendant.   The defendant has not denied any of the allegations contained in the moving papers.

Under the circumstances of this case, it was proper to provide in the order that the defendant be examined as to " the time,

Fourth Department, May, 1920. [Vol. 192.

place and circumstances of the accident fully." It is urged that the moving papers do not show that the defendant is a physician or that he examined or treated the boy at the time of the accident. That is true, but it is conceded in the appellant's brief that the defendant is a physician and that he treated the boy professionally following his injury.

The moving papers show that there is no one else by whom the plaintiff can show his condition just after the accident; the position in which he lay, and the nature, extent and particulars of his wounds and injuries at that time. The granting of the 5th paragraph of the order was fairly within the discretion of the Special Term, except as to the last part thereof which permitted an examination as to the duration of the injuries. No doubt that is a question for expert opinion which the defendant should not be required to give. The fact that the moving papers do not state that the defendant is a physician or that he treated the plaintiff at the time of the accident does not prevent the granting of the part of the order in question, as the court had power to grant a general examination.

Sections 870 to 886, inclusive, of the Code of Civil Procedure provide the procedure governing examinations before trial and were intended to eliminate the pitfalls and technicalities which existed under the old practice upon that subject. An interesting and exhaustive history of the development of the law upon the subject is contained in an opinion of Mr. Justice DE ANGELIS in the case of *Akhurst* v. *National Starch Co.* (64 Misc. Rep. 445; affd., 148 App. Div. 898). Upon compliance with the provisions of sections 870 and 872 of the Code of Civil Procedure and with rule 82 of the General Rules of Practice, an order for the examination of a party before trial is usually granted.

The discretion exercised by a judge who grants such an order will not ordinarily be interfered with if it appears that the provisions of the statutes have been substantially complied with and if it fairly appears that there is an issue of fact to be determined and that the adverse party has knowledge of facts which are material. It should appear that the application for the order is made in good faith and for the purpose of the trial of the action. In determining the scope of an examination the judge granting the order exercises a judicial discretion, under

section 873. He may grant an order for a general examination. The statute gives that authority. (*Herbage* v. *City of Utica,* 109 N. Y. 81.) Not every case justifies a general examination, however, and to justify such a broad order the moving papers must disclose its necessity. It was for that reason that section 873 gave the authority to limit the examination. Except in the First Judicial Department the order may also be made by the court. (See Code Civ. Proc. § 768, as amd. by Laws of 1911, chap. 763.)

In determining how restricted the examination should be the courts have laid down certain rules, which are not absolute but simply aids to assist the judge granting the order in determining that question. Section 873 expressly provides that " the order may, in the *discretion* of the judge, designate and limit the particular matters as to which he shall be examined." Ordinarily the discretion of the judge should not be interfered with, unless it appears that there has been an abuse of discretion.

The fact that the complaint alleges the facts necessary to be proved by the plaintiff upon the trial, or that the answer contains a general denial, does not prevent the granting of the order. It is urged that the examination of the defendant is not " necessary," within the meaning of that word as used in section 872, because the allegations of the complaint disclose the fact that the plaintiff has the desired information. That contention is without force. (*Terry* v. *Ross Heater & Mfg. Co., Inc.,* 180 App. Div. 715.)

The order should be modified by striking out the words " and duration of the injuries," and as so modified affirmed, with ten dollars costs and disbursements.

All concur.

Order modified in accordance with the opinion, and as so modified affirmed, with ten dollars costs and disbursements to the respondent.