ISIDORE FRIEDMAN, as Administrator, etc., of LOUIS FRIEDMAN, Deceased, Respondent, *v.* NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

Second Department, June 27, 1923.

Depositions — action against railroad to recover for injuries — firemen of railroad company cannot be examined before trial under Civil Practice Act, § 289.

In an action against a railroad to recover damages for the death of plaintiff's intestate, the plaintiff is not entitled under section 289 of the Civil Practice Act to examine before trial the firemen in the employ of the defendant.

The Legislature did not intend by section 289 of the Civil Practice Act to subject all the employees of a corporation to an examination before trial.  But it intended only that all officers and employees whose duties embrace some degree

of management should be subject to examination, under that section. Other employees are not subject to examination before trial unless they come within the provisions of section 288 of the Civil Practice Act.

APPEAL by the defendant, The New York Central Railroad Company, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 28th day of April, 1923, denying its motion to vacate certain notices of the taking of depositions of certain witnesses who are employees of the appellant.

*William Mann* [*Alex. S. Lyman* with him on the brief], for the appellant.

*Charles G. Hill,* for the respondent.

JAYCOX, J.:

The plaintiff sues to recover damages resulting from the death of plaintiff's intestate, alleged to have been caused by the negligence of the defendant. Plaintiff served notices that he desired to take the depositions of four firemen employed by the defendant. The defendant thereupon moved to vacate these notices. The motion was denied and the present appeal is from the order entered upon such denial.

Section 288 of the Civil Practice Act, so far as material, reads as follows:

" § 288. Testimony by deposition during pendency of action and before trial. Any party to an action in a court of record may cause to be taken by deposition, before trial, his own testimony or that of an adverse party, which is material and necessary in the prosecution or defense of the action. * * * Any party to such an action also may cause to be so taken the testimony of any other person, which is material and necessary, where such person is about to depart from the State, or is without the State, or resides at a greater distance from the place of trial than one hundred miles, or is so sick or infirm as to afford reasonable grounds of belief that he will not be able to attend the trial, or other special circumstances render it proper that his deposition should be taken."

The defendant upon the motion showed that the persons sought to be examined did not come within the provisions of the last sentence of section 288, quoted above; that none of them resided more than 100 miles from the place of trial; that none of them had any intention of departing from the State and none was sick or infirm.

The plaintiff admits that he has not brought himself within the provisions of that section. He, however, insists that he is entitled to take the testimony under the provisions of section 289, which reads as follows:

" § 289. Testimony of corporation or association; how taken. When an adverse party * * * mentioned in the foregoing section, whose testimony may be taken as provided in such section by deposition, is a corporation, joint stock association or other unincorporated association, the testimony of one or more of its officers, directors, managing agents or employees, which is material and necessary, may be so taken."

The question presented by this appeal is, are the employees whose testimony the plaintiff seeks to take by deposition such employees as are intended by section 289. In this connection it is to be observed that the section provides for taking the testimony of the corporation or association. It does not provide for taking the depositions of witnesses who may be in the employ of the corporation or association. I think it was intended that the witnesses should be of such a character as to be somewhat representative of the corporation. This section is taken from the 7th subdivision of section 872 of the Code of Civil Procedure and to the persons enumerated therein, " officers, directors or managing agents thereof," has been added the word " employees." I think this word was added for the purpose of obviating a difficulty which sometimes arose under the previous enactment. Sometimes an employee performed duties which indicated that he was in fact a managing agent, although he was not so designated, and this gave rise to the controversy as to whether such an employee, to wit, one who performed the duties of a managing agent, but was not designated as such, could be examined under the statute which provided only for the examination of managing agents. I am also of the opinion that the doctrine of *ejusdem generis* is applicable to this provision of the statute. This rule is stated in 36 Cyc. 1119, 1120, as follows: " By the rule of construction known as ' *ejusdem generis*,' where general words follow the enumeration of particular classes of persons or things, the general words will be construed as applicable only to persons or things of the same general nature or class as those enumerated. The particular words are presumed to describe certain species and the general words to be used for the purpose of including other species of the same genus. The rule is based on the obvious reason that if the Legislature had intended the general words to be used in their unrestricted sense they would have made no mention of the particular classes."

It seems to me reasonably clear that the Legislature did not intend by this section to subject all the employees of the corporation or association to examination under this section. It did intend that all officers and employees whose duties embraced some degree of management should be subject to examination. The Legislature

did not intend to make such a clear distinction between a natural person and a corporation to the disadvantage of the corporation as to require or permit the examination of all its employees, regardless of whether the moving party brought itself within the provisions of section 288 or not. No good reason is suggested why the employees of a corporation should be examined without showing that the person whose deposition is sought is about to depart from the State, or resides at a greater distance than 100 miles from the place of trial, or is so sick or infirm as to afford reasonable grounds of belief that he is unable to attend the trial, while a similar employee of a natural person could only be examined by showing these facts. The Legislature undoubtedly intended that the practice as to the examination of witnesses of this character should be uniform and that before their deposition could be taken it would be necessary for the moving party to show the facts above recited as to intention to depart from the State, residence and condition of health.

The order appealed from should be reversed on the law, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

KELLY, P. J., MANNING, YOUNG and KAPPER, JJ., concur.

Order reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.