GEORGE H. SANDS, Plaintiff, *v.* JAMES G. COMERFORD, Defendant.

Supreme Court, Monroe Special Term, March 11, 1924.

Pleadings — motion to separately state and number causes of action in complaint — causes of action for fraud inducing plaintiff to enter into contract and for breach of contract are inconsistent — plaintiff required to separately state and number allegations in cause of action for breach of contract where allegations relate to another cause of action.

*It seems*, that an action to recover damages for fraud for inducing the plaintiff to enter into a contract is inconsistent with a cause of action to recover damages for the breach of the contract.

Accordingly, the plaintiff may not recover under his cause of action for fraud his investments which would be a natural element of damage for leading him fraudulently to enter into the contract and under a second cause of action recover profits on that investment.

A motion to compel the plaintiff to separately state and number allegations in a cause of action for a breach of contract will be granted where the allegations complained of have no relation to such breach, but relate to a cause of action for abuse of process in connection with other litigation.

MOTION by defendant to separately state and number causes of action in plaintiff's complaint.

*Forsyth & Forsyth*, for the plaintiff.

*J. M. E. O'Grady*, for the defendant.

RODENBECK, J. When the plaintiff instituted his action he was confronted with the choice of suing on his contract and recovering all the damages that he had sustained which arose out of the violation of the contract, fraudulently or otherwise, or for fraud for inducing him to enter into the contract, under which claim he could recover all the damages which grew out of the fraud. He could not take both positions and sue on the contract and in repudiation of it. Such a course would be inconsistent and is not a mere technical question of procedure but goes to a matter of substance. He

was required to make his election when he instituted his action and cannot unite in one complaint a cause of action for fraud in inducing the contract and a cause of action on the contract. He cannot both have his contract and repudiate it. This course has been adopted by him and besides there are elements of another cause of action stated.

The first seven paragraphs are appropriate to a cause of action for damages for fraud in inducing plaintiff to enter into the contract and are evidently intended as a first cause of action since the plaintiff then alleges facts constituting " a second and further cause of action " and subsequently refers to these paragraphs as constituting a first cause of action. Under these allegations the plaintiff might have set up all the damages that grew out of the fraud and cannot make a separate cause of action of items not thus alleged, or thereafter seek to recover damages which are based upon a recognition of the contract.

Then follows plaintiff's second cause of action, so characterized, and all the remaining allegations in the complaint are apparently intended as facts appropriate to this cause of action and the damages incident thereto. The plaintiff has left the domain of fraud since under this cause of action there are no allegations appropriate to a cause of action for fraud. The second cause of action is apparently based on the contract.

The 1st paragraph of the second cause of action alleges that the defendant did certain things " in violation of his duties and obligations to this defendant as a copartner in said company," namely, that he used partnership funds to construct a building on the premises used by the partnership and installed an ice machine and then sold the property at an increased value, depriving the plaintiff of his share. The allegations in this paragraph were appropriate to a cause of action for breach of contract as is also paragraph 3, specifically alleging that defendant withdrew from the partnership and refused to carry out its terms.

The 2d, 4th, 5th, 6th, 7th and part of the 8th paragraphs of the second cause of action contain allegations which are appropriate to an action for damages for abuse of process. *Petry* v. *Childs & Co.*, 43 Misc. Rep. 108; *Paul* v. *Fargo*, 84 App. Div. 9, 14; *Dishaw* v. *Wadleigh*, 15 id. 205; *Foy* v. *Barry*, 87 id. 291; *Assets Collecting Co.* v. *Myers*, 167 id. 133. They might be construed as a part of the history of the alleged violation of the contract by the defendant, but plaintiff alleges that the proceedings were brought to " harass this plaintiff and cause him trouble, expense and annoyance," and that plaintiff was obliged to employ counsel and expend money and lost valuable time " to his damage and injury," indicating that

a claim for damages arising out of this litigation would be claimed rather than as showing that the defendant had broken his contract.

The remaining allegations of the complaint show that the gist of the second cause of action is breach of contract mingled with allegations inappropriate to such a cause of action. In the closing part of the second cause of action, which is the end of the complaint, the plaintiff claims loss of profits which can only be predicated upon an action on the contract and this is recognized by the allegations that these profits were lost " by reason of the omission of this defendant to carry out his said agreement."

This review of the complaint shows that the plaintiff has attempted to unite inconsistent causes of action and to mingle in his second cause of action inappropriate allegations which can only be construed as an attempt to set up another cause of action. The plaintiff cannot recover under his first cause of action his investment which would be a natural element of damage for leading him fraudulently to enter into the contract and under his second cause of action recover profits on that investment. Proof of fraud under his first cause of action destroys the contract and he cannot thereafter recover on the contract on the basis of its validity. There are no particulars of fraud given in the performance of the contract, either in the complaint or the bill of particulars. The fraud alleged relates to the inception of the contract and the damages recoverable are such as would necessarily and naturally flow from it. Treating the second cause of action as one based upon a breach of contract, the damages recoverable would be the value of the contract. Some damages it is possible might be recoverable for expenditures necessary to suitably equip the plant, but it would not be the difference in the value of the property before and after the improvements. This is an element of damage, if any, arising from the breach, but the allegations as to harassing and oppressive litigation, if relied on as a basis for damages, and they seem to be, constitute a cause of action in tort and not on contract and should be separately stated. The allegations of loss of profits relate to an element of damages arising from the breach of contract and do not constitute a separate cause of action.

This conclusion is not at variance with *France & Canada Steamship Corp.* v. *Berwind-White C. M. Co.*, 229 N. Y. 89, and other cases of like tenor where the alleged items of damage all grew out of the cause of action alleged either in the making of the contract or in its performance, but the effort to simplify pleadings would certainly be carried to an absurdity, to confusion on the trial and to the disadvantage of the opposing party if a party may allege in one cause of action fraud in the making of a contract and recover

damages therefor to the full extent allowed by law and in another cause of action allege a breach of the same contract and recover damages to the full extent allowed by law, on the basis of the existence of a valid contract. It is an unsatisfactory answer to say that the difficulty of joining the causes of action is one only of damages. It is a case where there should be an election between inconsistent causes of action since the damages overlap and an intelligent verdict cannot be rendered on both.

Motion to separately state and number granted with reference to claims for damages arising from the actions, with ten dollars costs to defendant to abide the event.

Ordered accordingly.