ROBERT D. CAMERON, as Administrator, etc., Plaintiff, *v.*
ROCHESTER AND SYRACUSE RAILROAD CO., INC., Defendant.

Supreme Court, Monroe Special Term, April 21, 1925.

Depositions — examination of defendant before trial — notice for exami-
nation of claim agent, vice-president and general manager of defendant
corporation — claim agent is managing employee, representing cor-
poration within meaning of Civil Practice Act, § 289, and may be
examined — defendant corporation may be examined in negligence action
as to its operating rules, knowledge and character of crossing and equip-
ment of car — evidence sought is " material and necessary."

A claim agent of a railroad corporation is a managing employee of said corporation
within the meaning of section 289 of the Civil Practice Act, since he is a repre-
sentative of the company, and as such may be examined before trial as a party.

A railroad corporation, defendant in a negligence action, may be examined before
trial as a party defendant, pursuant to the provisions of sections 288, 289 and
290 of the Civil Practice Act, as to its operating rules, its knowledge of the
character and condition of the crossings, the speed and the brake equipment
of the car involved in the accident, its running schedule and the distance within
which the car could be stopped in an emergency. The evidence sought is
" material and necessary " within the meaning of section 288 of the Civil Practice
Act.

MOTION by defendant to vacate notice for an examination of the
claim agent and the vice-president and general manager of the
defendant.

*Sutherland & Dwyer*, for the plaintiff.

*Williams & Cowie*, for the defendant.

RODENBECK, J.:

The examination of a party before trial has been very much
liberalized and should not be hedged around with requirements not
imposed by statute. It is not confined to an affirmative cause of
action or defense (*Herbage* v. *City of Utica*, 109 N. Y. 81), and there
is no requirement other than that the evidence sought should be
necessary and material. The old decisions limiting the examina-
tion have all been swept aside. When the new practice was adopted
the framers did not deem it wise to follow the broad lines of the
Federal equity practice but provided for a notice which might
afterwards upon motion be modified or vacated. The examina-
tion desired here is of a party. (Civ. Prac. Act, § 289.) An
examination before trial does not perform the same office as a
bill of particulars. (See *Sands* v. *Comerford*, 123 Misc. 104.)
The notice complies with the statute (Id. § 290), and the only
question is whether or not the evidence is " material and necessary

in the prosecution of the action." (Id. § 288.) The statute authorizes an examination of "managing agents or employees." (Id. § 289.) This means employees who have "some degree of management" (*Friedman* v. *N. Y. C. R. R. Co.*, 206 App. Div. 169), or are "somewhat representative of the corporation." (*Bloede Co.* v. *Devine Co.*, 211 App. Div. 180.) A claim agent, not being an operating employee, is a managing employee under the statute, representing the corporation. The question of the promulgation of suitable operating rules is raised by the complaint (¶ 6), and the rules being in the possession of the defendant, are a proper subject of inquiry. (*Dunn* v. *N. Y. C. & H. R. R. R. Co.*, 208 N. Y. 344, 346; *Kascsak* v. *Central R. R. Co.*, 207 id. 246, 250; *Curran* v. *Lake Champlain & M. R. R. Co.*, 211 id. 60, 64; *O'Gorman* v. *N. Y. & Q. C. R. Co.*, 96 App. Div. 594, 597.) The purpose of the examination, is to enable the plaintiff to ascertain in advance of the trial what these rules are and not to compel him to wait until the trial to learn what they are. There can be no harm to the defendant in divulging them at this time. This applies to general rules and to those particularly applicable to the crossing involved but does not apply to rules relating to crossings not comparable to this one. Rules relating to similar crossings in the vicinity may be inquired into but not those relating to crossings remote from this one or governed by peculiar circumstances. The latter would not have any probative value. The knowledge of the defendant of the character of this crossing is admissible and efforts to remove or trim trees and shrubbery bear upon the notice to or knowledge of the company. The speed of the car and the running schedule of cars are proper subjects of inquiry and any facts relating to the operation of the car as to its braking system may be inquired into. The defendant was required to operate its cars at this crossing with reasonable care under the circumstances and the plaintiff may inquire into the rules of operation, notice and knowledge of the condition and character of the crossing and the manner in which the car was operated and its equipment, to make a reasonable stop in an emergency.

The subjects upon which an examination is asked are material and necessary to the plaintiff's case and he should be allowed to obtain the information by an examination before trial. If the plaintiff's questions go beyond what the issues, the notice and the law permits, the defendant may refuse to answer and come before the court and secure specific rulings upon debatable matters. Motion denied, with ten dollars costs.

So ordered.