ALMA C. ENEQUIST, Administratrix, etc., of ERIC ENEQUIST, Deceased, Appellant, v. THE BROOKLYN CITY RAILROAD COMPANY, Respondent.— Order reversed on the law and the facts, with ten dollars costs and disbursements, and motion to vacate notice of examination denied. The subjects upon which the examination is sought, as set forth in subdivisions " 2," " 3 " and " 4 " of the notice of examination, in our opinion, are material and necessary for the proper prosecution of plaintiff's action, and should, therefore, be allowed. Subdivision " 1 " of the notice of examination, having reference to matters of proof the burden of which is upon defendant, in a case of this kind, should be stricken out. The motorman

and conductor of the trolley in question are managing agents or employees within the purview of section 289 of the Civil Practice Act, permitting an examination of " officers, directors, managing agents or employees," where the adverse party is a corporation, and hence their testimony may be taken in a case such as this where it is material and necessary for the prosecution of plaintiff's action. (See *Pierce* v. *Morris*, 192 App. Div. 502; *National Fire Ins. Co.* v. *Shearman*, 209 id. 538; *Cameron* v. *Rochester & Syracuse R. R. Co.*, 125 Misc. 140; *Morgan* v. *Erie R. R. Co.*, N. Y. L. J. Aug. 7, 1925; affirmed, without opinion [215 App. Div. 829]; *West* v. *Coney Island & Brooklyn R. R. Co.*, 126 Misc. 674; *Friedman* v. *N. Y. Central R. R. Co.*, 206 App. Div. 169.) Jaycox, Manning and Young, JJ., concur; Jaycox, J., in the result; Kapper, J., dissents and votes to affirm upon the authority of *Friedman* v. *N. Y. Central R. R. Co.* (206 App. Div. 169); Kelly, P. J., concurs with Kapper, J., being also of opinion that the order was within the discretion of the justice at Special Term, with which this court should not interfere. (*Middleton* v. *Boardman*, 240 N. Y. 552.) Settle order on notice.