HYMAN BREGMAN, Plaintiff, *v.* EDBRO REALTY Co., INC.,
Defendant.

Supreme Court, Kings County, September 26, 1929.

*Herman W. Bernstein,* for the plaintiff.

*Pettigrew & Glenny* [*Arthur Haviland* of counsel], for the defendant.

DUNNE, J. The defendant corporation seeks to vacate a notice of examination before trial pursuant to section 289 of the Civil Practice Act on three grounds: *First,* that the examination is sought to be held before an office associate or employee of plaintiff's attorney; *second,* that the plaintiff seeks to examine an elevator operator in the employ of the defendant, who, it is claimed, is not a representative of the corporation and does not fall within the class of persons subject to examination under the section in question, and, further, that no special reason is shown for taking his testimony; *third,* that under the pleadings the plaintiff is not entitled to the examination. These objections will be passed on in the order in which they have been raised. Although the plaintiff has contradicted the defendant's contention that testimony is to be taken before an office associate or employee, it seems to the court

that the examination will be conducted in a more orderly procedure before a justice of this court, at Special Term, Part II, on a date to be fixed in the order, and the notice of examination will accordingly be modified.

In *Enequist* v. *Brooklyn City R. R. Co.* (216 App. Div. 730) it was held that a motorman and conductor of a trolley car are managing agents or employees within the purview of this section. It seems to me that an elevator operator in control of an elevator is in an analogous position and falls within the class of persons subject to examination under this section. For all practical purposes the elevator operator may be regarded as the agent or employee of the corporation more familiar with the condition of the elevator. Since the plaintiff is entitled to an examination as to lack of repairs of the elevator, he should be permitted to examine the employee of the defendant most familiar with its condition. The relation here is an unusual one. It appears that the plaintiff has no other means of ascertaining the facts than the examination of the defendant. Under such circumstances, it is proper to examine the defendant as to the facts of the accident fully. Such a situation amply shows special reason for this examination. *Swift* v. *General Baking Co.* (129 Misc. 135) was a somewhat similar case in which the examination was permitted.

In an action such as this, which is brought by an administrator, who has no personal knowledge of the facts nor means of ascertaining them other than through the examination of the defendant, the plaintiff should be given reasonable latitude in his examination. This will simplify preparations for trial and the actual trial. It is the policy of this court to give a liberal construction to the Civil Practice Act and make of it a means where rights may be determined and not destroyed. The objection that " under the pleadings the plaintiff is not entitled to the examination " is specious, in that an inspection of the pleadings discloses that the plaintiff has the affirmative burden of the matters specified in the notice of examination.

Motion to vacate denied.