ROSA IDA and ROCCO IDA, Appellants, v. BORDEN'S FARM PRODUCTS CO., INC., Respondent.— In an action to recover damages resulting through the alleged negligence of the defendant, caused by an alleged unruly, unmanageable and vicious horse, order denying motion for examination of the defendant and the driver of its horse and wagon reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs; the examination to proceed on five days' notice at a time and place to be stated in the order. In our opinion, the appellants were entitled to examine the defendant through its officers and its driver of the horse and wagon in question in order to obtain testimony in support of their complaint. (See *Enequist* v. *Brooklyn City R. R. Co.*, 216 App. Div. 730; *La Bonte* v. *Long Island R. R. Co.*, 242 id. 844.) Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ., concur. Settle order on notice.

In the Matter of the Application of ADA M. BRUSH to Render and Settle Her Account as Executrix, etc., of JOHN S. BRUSH, Deceased, and for a Determination of the Validity, Construction or Effect of the Disposition of Property Contained in the Last Will and Testament of the Said Decedent. ETHEL OTTINGER, Appellant; ADA M. BRUSH, as Executrix, etc., of JOHN S. BRUSH, Deceased, Respondent. — In a proceeding in Surrogate's Court, Kings county, on a final accounting by the executrix which involved the interpretation of certain paragraphs of the will and the validity of an *in terrorem* provision, decree, in so far as an appeal is taken therefrom, unanimously affirmed, with costs to respondent, payable out of the estate. We are of opinion that in this case there was a gift over to persons definitely named as entitled to the residue. (See *Matter of Vandevort*, 62 Hun, 612; *Matter of Arrowsmith*, 162 App. Div. 623; affd., 213 N. Y. 704; *Hogan* v. *Curtin*, 88 id. 162.) Present — Young, Carswell, Davis, Adel and Taylor, JJ. [154 Misc. 480.]

In the Matter of the Application of JACK COHN, Respondent, for the Removal of the Body of PHILIP JACOBS, Deceased. SAMUEL JACOBS, Appellant.— In a proceeding instituted in pursuance of section 89 of the Membership Corporations Law, for the removal of the body of Philip Jacobs from its present resting place to another grave in the same plot owned by the petitioner, order granting the petitioner's application upon condition that the petitioner pay all the necessary expenses involved in the removal and subsequent reburial modified in accordance with the consent of respondent's counsel on the argument so as to provide for the reburial of Philip Jacobs and his wife, Eva Jacobs, side by side in the plot, upon condition that, within ten days from the entry of the order herein, the appellant consent to such reburial of the wife, in which event the order as so modified is affirmed, with ten dollars costs and disbursements to respondent. In the event that appellant does not consent to such reburial of the wife, as stated, the order is affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Hagarty, Johnston and Taylor, JJ., concur. Settle order on two days' notice.