ELIZABETH JANE LORING and JOHN THOMAS LORING, Appellants, v. DIME SAVINGS BANK OF BROOKLYN, Respondent.— Order disposing of plaintiffs' motion for an examination before trial modified so as to provide that the motion for examination of defendant by its president, general manager, or other person having knowledge, be granted as to item numbered 2 of the notice of motion, and for the examination of defendant by its elevator operator as to items 1, 2, 3 and 5, and item 4 as modified by the order. As so modified, the order, in so far as an appeal is taken therefrom, is affirmed, with ten dollars costs and disbursements to appellants; the examination to be had on five days' notice. In this action in tort (*Middleton* v. *Boardman*, 210 App. Div. 467, 468, also 860; appeal dismissed, 240 N. Y. 552), the plaintiffs are entitled to examine the defendant by its elevator operator in order to prove the controverted allegations of the complaint which relate to the circumstances under which plaintiff Elizabeth Jane Loring was struck and injured by the elevator door (*Bregman* v. *Edbro Realty Co., Inc.*, 135 Misc. 87; *Enequist* v. *Brooklyn City Railroad Co.*, 216 App. Div. 730; see, also, *Kaminsky*

v. *Trommer, Inc.,* 246 id. 558), and which relate to the maintenance, management, operation and control of the elevator, including its parts, by the defendant; the latter's failure to take reasonable, proper and sufficient precautions to prevent persons from being struck by the elevator door, and as to the length of time the condition existed and defendant's knowledge thereof. (*Enequist* v. *Brooklyn City Railroad Co., supra,* and *Bregman* v. *Edbro Realty Co., Inc., supra.*) Lazansky, P. J., Hagarty, Carswell, Davis and Taylor, JJ., concur.