**BERNSTEIN**

v.

**N. V. NEDERLANDSCHE–AMERI-KAANSCHE STOOMVAART–MAAT-SCHAPPIJ (CHEMICAL BANK & TRUST CO., Third-Party Defendant).**

United States District Court
S. D. New York.
Sept. 14, 1953.

Bennet, House & Couts, New York City, for plaintiff.

Burlingham, Hupper & Kennedy, New York City, for third-party plaintiff.

Shearman & Sterling & Wright, New York City, for third-party defendant.

DIMOCK, District Judge.

Under date of July 20, 1953, I filed an opinion in this case, 15 F.R.D. 32, in which I denied the right of third-party defendant Chemical Bank to examine third-party plaintiff Holland-America Line through one Van Der Vorm on the ground that corporate parties could not be examined through their directors and Van Der Vorm's position approximated that of a director of an American corporation.

Chemical Bank has now moved, on additional papers, for a determination that Holland-America may be examined through Van Der Vorm. It is urged upon me that Van Der Vorm's positions as Chairman of the Board of Commisaris and Chairman of the Executive Committee of that Board give him a standing similar to that of an officer of an American corporation and that, in any event, the new evidence shows that he is and was at the time of the transactions in question a managing agent of Holland-America.

As I said in my previous opinion, I see no escape from Judge Irving R. Kaufman's conclusion in Campbell v. General Motors Corp., D.C.S.D.N.Y., 13 F.R.D. 331, 332, that a director of an American corporation which is a party to litigation, unlike an officer or managing agent thereof, can be examined only as a witness. While Rule 26(d) (2), Fed.Rules Civ.Proc. 28 U.S.C.A., permits for any purpose the use by an adverse party of a deposition of "an officer, director, or managing agent" of a party, it is only for default of "an officer or managing agent" of a party that the party's pleading may be stricken out under Rule 37(d). I am in accord with Judge Kaufman's conjecture when he says "[t]he omission in Rule 37(d) was likely based on the principle that it would be unjust to impose the sanctions there provided on a corporation whose directors failed to appear pursuant to notice of examination since a corporation has no means of compelling their attendance as in the case of an officer or managing agent." It is noteworthy, however, that, despite the control that a corporation might be expected to have over its subordinate agents, it is only the managing agents, and not subordinate agents, whose defaults may subject the corporations to sanctions. Continuing the conjecture, I should say that this was because a subordinate agent could not be thought to have the interests of the corporation so close to his heart that he could be depended upon to carry out his employer's direction to give testimony at the demand of a party engaged in litigation with the employer. Reading Rule 37(d) with this in mind, I should say that the framers of the rules felt that officers, as an arbitrarily fixed group, would fulfill the qualifications of a managing agent and that directors could not safely be arbitrarily included in that group but that, as to directors and all other representatives, the ques-

tion would have to be answered in each case whether they logically fell within the class which the framers had in mind when they used the expression "managing agent".[1]

Applying these thoughts to this particular case, Chemical Bank cites foreign law in support of its contention that Van Der Vorm's titles give him a standing equivalent to that of an officer of an American corporation. To my mind the net result does not differ materially from the testimony as to foreign law which was cited by Chemical Bank on the original motion and which led me to the conclusion that Van Der Vorm's titular positions amounted to no more than what would be chairman of the board of directors or chairman of the executive committee in America.

The situation with respect to Van Der Vorm as a managing agent, however, differs from that presented on the first motion. Then Chemical Bank went no farther than the unsupported conclusion in its counsel's affidavit that "Mr. Van Der Vorm was the most important and influential official of the Holland-America Line". Now we have the oath of the man who represented Chemical Bank in the negotiations with Holland-America that Mr. Van Der Vorm was the principal negotiator and principal spokesman for Holland-America. It was Mr. Van Der Vorm who shook hands with him on the agreed price to be paid for the Red Star ships and line. He says that Van Der Vorm was in charge of affairs of Holland-America and the man who made the final decisions. A Dutch lawyer, who is himself a stockholder in Holland-America and experienced in practice for Dutch corporations, swears that Holland-America is very well known in business circles in the Netherlands and that he knows that Mr. Van Der Vorm is generally looked upon in the Netherlands as the actual head of the management of Holland-America and as its most important official. He adds that he occupies a position "quite similar to that occupied by the president of a large American corporation and has influence upon and actual direction of the affairs of Holland-America, leaving aside all legal technicalities." Counsel for Chemical Bank has stated, without contradiction, his understanding that Van Der Vorm is one of the principal stockholders of Holland-America. His nephew W. H. N. Van Der Vorm is one of the three present managing directors of Holland-America.

■ Looking at the matter realistically, Van Der Vorm fulfills all the qualifications of my conception of a managing agent. He is working for the corporation as an executive, as well as an adviser, so that he is subject to its direction, and his position is such that it is unthinkable that he would disobey a direction by the corporation to present himself for examination.

As I have remarked before, Holland-America's relations to Chemical Bank are the same as though Holland-America had brought the third-party cause of action as a separate suit in this court. It must therefore be prepared to produce him in New York.

Chemical Bank has noticed the examination for September 17, 1953. The

---

1. In this connection I reject the definition cited by counsel for Chemical Bank from Dyer-Smith's "Federal Examinations before Trial", p. 196: "The 'managing agent' of a corporate party is the person who is in charge, for the corporation, of whatever matter or thing is the subject of the order." The author goes on with text not cited by counsel, "[s]uch an employee, may be, for example, only an elevator operator, and * * * his disobedience of the order may be imputed to the company." The cases cited by the author for these propositions, Fulton v. National Aniline & Chem. Co., 214 App.Div. 846, 211 N.Y.S. 769, and Bregman v. Edbro Realty Co., 135 Misc. 87, 236 N.Y.S. 409, deal with N. Y. Civil Practice Act, § 289 which is not restricted to the class of "managing agents" but includes "agents or employees".

time between the date of this opinion and the date so fixed is insufficient and I will leave it to counsel for all parties to fix a day which will give Mr. Van Der Vorm, who is of advanced years, a reasonable time to prepare for the journey and sail on a comfortable Holland-America ship. If counsel are unable to agree application may be made to the court.