(118 App. Div. 162)

### ISTOK v. SENDERLING et al.

(Supreme Court, Appellate Division, First Department. March 8, 1907.)

DISCOVERY—EXAMINATION OF ADVERSARY BEFORE TRIAL.

Where defendants denied plaintiff's allegation that they were doing business under a corporate name, plaintiff was entitled, under Code Civ. Proc. § 870, to examine defendant before trial upon that issue, though the complaint was not upon information and belief, and plaintiff had personal knowledge of the facts alleged therein.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Discovery, § 46.]

Appeal from Special Term.

Action by John Istok against Martin L. Senderling and another. Plaintiff appeals from an order granting a motion to vacate an order for the examination of defendant Senderling before trial. Reversed, and motion denied.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and SCOTT, JJ.

Charles S. Aronstam, for appellant.
Edwin A. Jones, for respondent. .

INGRAHAM, J. The action was brought to recover the damages sustained by the plaintiff as an employé of the Senderling Manufacturing Company. The complaint alleges that the defendants were doing business under the firm name and style of the Senderling Manufacturing Company. This allegation the defendant denies. Whereupon the fact that these two defendants were doing business under this corporate name was an essential fact that the plaintiff was required to prove upon the trial of the action. The plaintiff, therefore, was entitled to examine the defendants to prove such fact. In the motion papers upon which the order for the examination of the defendant was obtained, it is alleged that there is on file in the county clerk's office a certificate filed on September 27, 1900, in which these defendants certify that they were, and intended to continue, doing business under the name of the Senderling Manufacturing Company, and that there is no subsequent record of any change. The defendant Senderling could testify as to the arrangement under which he did business, and a case was therefore presented which justified the plaintiff in examining him, either before trial as provided in section 870 of the Code of Civil Procedure, or at the trial.

The fact that the allegation of the complaint was not upon information and belief does not justify the court in refusing to allow the plaintiff to obtain by an examination before trial the legal evidence of the relations of the defendant to the accident. The fact that plaintiff had personal knowledge of the facts alleged in the complaint is no reason why he should not, by taking the deposition of a defendant, procure evidence which he could use upon the trial to establish such allegations.

The defendant would be a competent witness on the trial to prove the facts sought to be proved by this examination, and the Code gives to an adverse party the express right to take such a deposition before trial, rather than be subjected to the possibility of being unable to subpœna the witness, so as to compel his attendance at the trial. This court is committed to a construction of sections 870 and 872 of the Code of Civil Procedure which will authorize a party to an action to take the deposition of an adverse party, where it is apparent that his evidence would be material at the trial of the action. Goldmark v. U. S. E. G. Co., 111 App. Div. 529, 97 N. Y. Supp. 1078; McKeand v. Locke, 115 App. Div. 174, 100 N. Y. Supp. 704. The learned Judge at Special Term seemed to have thought that the object of this examination was to enable the plaintiff to ascertain whether he had a cause of action. This was clearly a mistaken view of the application. What the plaintiff desires is proof of the fact which he alleges in his complaint and which his affidavit shows he was justified in alleging.

It follows that the order appealed from should be reversed, with $10 costs and disbursements, and the motion to vacate the order for the examination denied, and the order reinstated; the defendant Senderling to appear for examination at a time to be fixed in the order. All concur.