(63 Misc. Rep. 54.)

### STRODL v. FARISH–STAFFORD CO.

(City Court of New York, Special Term. March, 1909.)

1. DISCOVERY (§ 41*)—EXAMINATION OF PARTY BEFORE TRIAL.

    Under Code Civ. Proc. § 870, providing that the deposition of a party to an action pending in a court of record, with certain exceptions, may be taken at the instance of an adverse party at any time before trial, a general examination of defendant by plaintiff may be had at any time before trial, and need not be limited to an affirmative cause of action set up by plaintiff.

    [Ed. Note.—For other cases, see Discovery, Dec. Dig. § 41.*]

2. DISCOVERY (§ 38*)—EXAMINATION OF PARTY BEFORE TRIAL.

    In an action for breach of a contract of defendant company's alleged predecessor to purchase plaintiff's stock in the company at par, defendant denying the contract and purchase, where plaintiff had complied with Code Civ. Proc. §§ 872, 873, prescribing procedure for obtaining an examination of a party before trial, he was entitled to examine defendant's president and secretary, and to have the company's books and papers produced, which would show the transfer to defendant of the alleged predecessor's stock, assets, and liabilities; the evidence being necessary in proving plaintiff's cause of action.

    [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 51; Dec. Dig. § 38.*]

Action by Edward V. Strodl against the Farish-Stafford Company. On motion to vacate an order for examination of defendants. Motion denied.

Edward Kellogg Baird, for plaintiff.
Elbridge L. Adams, for defendant.

FINELITE, J. This is a motion why an order heretofore granted for an examination of the defendants should not be vacated and set aside. The order was to the effect that the defendant's company should submit to an examination and its deposition taken, pursuant to sections 871, 872, and 873 of the Code of Civil Procedure, and that William W. Farish, its president, and William R. Wright, its treasurer and secretary, should appear and submit to an examination concerning facts of certain entries made in the books of the defendant.

The plaintiff has instituted an action against the defendant to recover damages for the breach of a written contract, dated January 10, 1903, wherein the defendant company agreed to purchase from the plaintiff, at its par value, all the stock that the plaintiff held in defend-

ant's corporation at the time of his leaving the defendant's employ; that the stock of the Farish-Stafford Company of Connecticut was exchanged for the stock of the Farish-Stafford Company of North Carolina, the defendant now having its place of business in the city of New York. The plaintiff alleges that he entered into a contract with defendant's predecessor, and that defendant assumed all the liabilities under said agreement, and thereafter, on January 4, 1906, the plaintiff subscribed for additional shares of stock in the defendant's corporation, subject to the same terms and conditions which were obtained in the transaction covering the purchase of the first shares of stock; that on February 1, 1908, said plaintiff left the employ of said defendant and offered to sell back to said defendant all stock which said plaintiff held in said defendant's corporation, and said defendant refused to purchase said stock, which stock is of the value of $1,425. Defendant by its answer denies that any such stock was purchased, or that any such agreement was made, but admits that certain shares of stock were purchased from the old company, and that certain stock was purchased on or about January 1, 1906, from the plaintiff, and that the same was sold to it, and said plaintiff accepted a promissory note in part payment therefor in the sum of $1,400.

The plaintiff desires to examine the said president and secretary of the defendant corporation, for the reason that their testimony is material and necessary to establish, on the trial, the transfer of the rights and liabilities of the defendant corporation by its predecessor or assignor, the Farish-Stafford Company, as alleged in the complaint, and as to the exact terms thereof, and this information can be obtained from only one source to deponent's knowledge and belief, to wit, the defendant and its officials, to the effect that the defendant herein took over all the assets and liabilities of the Farish-Stafford Company of North Carolina, and continued the business as a going concern, and carried out its agreements entered into. Plaintiff is ignorant of the fact whether the stock, assets, and liabilities of the Farish-Stafford Company were directly taken over by the defendant, or whether said transfer was effected by intermediaries, and plaintiff expects to prove the facts in detail by the testimony of the defendant and its officials sought to be examined, and that information is within the knowledge of the officials of the defendant. The testimony of said officials is material and necessary for the plaintiff to have upon the trial of this action. Plaintiff intends in good faith to use such examination upon the trial, and requests the defendant to produce on said examination the minute books of the meetings of stockholders and directors of the Farish-Stafford Company, also cash books, journals, ledgers, check books, bank deposit books, balance sheets of 1907, 1908, and 1909, and any other books or papers containing entries of the matters which will disclose the information desired. And the only reason why the books and papers, as aforesaid, are desired by the plaintiff is for the purpose of refreshing the memory of the president and secretary of the defendant and aiding them in the examination, and not for examination or inspection.

The defendant states that it is willing to produce for the benefit of the plaintiff on such examination the balance sheets for the years 1908

and 1909, and states that they will be sufficient to refresh the witnesses' recollection as to any surplus that was in the hands of the defendant. In addition to this, the plaintiff is entitled to the examination of the officials and the books and papers heretofore mentioned for the purpose of refreshing the memory of the officials on the examination. This evidence is material and necessary to the plaintiff to enable him to establish his claim at the trial. Section 870, Code Civ. Proc. A general examination of the defendants in the action may be had at any time, and is not limited to an affirmative cause of action or an affirmative defense set forth in favor of the party desiring that examination. Plaintiff, has complied with sections 871, 872, and 873 of the Code of Civil Procedure, and he is entitled to the examination sought herein. Istak v. Senderling, 118 App. Div. 162, 163, 103 N. Y. Supp. 13. The object of the examination is to get evidence by the plaintiff in proving his cause of action. As was said by Justice Ingraham (writing for the court in Goldmark v. U. S. Electro Galvanizing Co., 111 App. Div. 526, 529, 97 N. Y. Supp. 1078, 1080):

"Where an issue of fact is presented, to be determined upon the trial of the action, and where it appears that a party to the action has knowledge of facts which are material in the determination of that issue, either party to the action under these provisions of the Code is entitled to examine such party and have his deposition taken for use at the trial."

At pages 528, 529, of 111 App. Div., and page 1080 of 97 N. Y. Supp., he says:

"Nor is it an answer to such an application that the party making it can procure the evidence from other persons than of the person whose deposition is required. The statute does not require that it shall appear that the facts sought to be proved cannot be proved by other witnesses, but it authorizes a party to take the deposition of his opponent where his testimony can prove the fact which he desires to establish."

The defendant states that he is unable to produce the books and ledgers in court, as they are too numerous. The court will appoint a referee, should the defendant consent, who shall attend at their place of business, so that when said witnesses are examined the books may be referred to in refreshing the memory of the witnesses, thus avoiding unnecessary inconvenience to the defendant.

The motion to vacate the order for the examination of the witnesses and books is denied, and the examination under the order heretofore granted to proceed. Settle order on one day's notice.