FRANK KLEIN and MADISON G. HAWKE, Copartners, Doing Business under the Firm Name and Style of KLEIN & HAWKE, Plaintiffs, *v.* EDWARD S. POTHMONT and Others, Defendants.

Supreme Court, New York County, September, 1922.

Practice — motion to vacate notice for examination of party before trial — attorney's affidavit — action to set aside fraudulent conveyance — defendant may be examined as to his financial condition at time.

No affidavit being required (Civil Practice Act, § 291; Rules of Civil Practice, rule 124) on a motion to vacate a notice for the examination of a party before trial, an attorney's affidavit on the motion is sufficient.

On a motion to vacate a notice of examination before trial it seems that a formal averment of materiality and necessity is not essential to support the notice. if those elements appear presumptively on the face of the pleadings and the good faith of the party seeking the examination is not seriously put in question.

In an action to set aside alleged fraudulent conveyances, the circumstances and the defendants' financial condition at the time are an essential part of the cause of action and a motion to vacate a notice for the defendants' examination before trial will be denied.

MOTION to vacate notice for examination of party.

*George D. Zahm,* for plaintiffs.

*Charles J. Herson,* for defendant Edward S. Pothmont.

MARSH, J. Though the theory of the complaint is somewhat obscure, no criticism has been directed to either the form or the substance of the pleading, and this motion to vacate a notice for examination of the deponent will, therefore, be determined in the light of the issues as they appear on the face of the papers. An attorney's affidavit on the motion to vacate is sufficient; in fact, there is no absolute requirement of any affidavit whatever. Civil Practice Act, § 291; Rules of Civil Practice, rule 124. Nor does a formal averment of materiality and necessity seem essential to support the notice, if those elements appear presumptively on the face of the pleadings and the good faith of the party seeking the examination is not seriously put in question. The rule requires the notice to be set aside only if the court shall deem the testimony not material and necessary, or if for any other reason the interests of justice would not be served by the examination. In obedience to the dictates of this rule the court must give closer attention to substance than to the presence or absence of formal allegations. The circumstances of the alleged fraudulent conveyances and the defendant's financial condition at the time are an essential part of the cause of action. The defendant's testimony on these points is obviously important. The plaintiff has a right to examine his adversary even as to fraud, subject of course to fundamental constitutional limitations. *Ewen v. Hoefer,* 155 App. Div. 885; *Kornbluth* v. *Isaacs,* 149 id. 108.

Motion denied, with ten dollars costs. The examination will proceed before the justice presiding at Special Term for *ex parte* business Bronx county, on September 29, 1922, at ten-thirty A. M. Enter order in Bronx county.

Ordered accordingly.