STEVEN LOVASZ, Respondent, *v.* ETTIE FOWLER, Appellant.

Second Department, April 3, 1924.

Depositions — motion to vacate notice of taking depositions of witnesses served by plaintiff — under Civil Practice Act, §§ 288–292, burden on plaintiff to show special circumstance entitling him to depositions — nothing to contrary in Rules of Civil Practice, rule 124 — plaintiff failed to sustain burden — necessity that plaintiff prove certain person agent of defendant not special circumstance — moving papers sufficient — motion granted.

Upon a motion to vacate a notice to take the depositions of witnesses served by the plaintiff, the burden is upon the plaintiff under sections 288 to 292 of the Civil Practice Act to show some special fact or circumstance entitling him to take the depositions and there is nothing to the contrary in rule 124 of the Rules of Civil Practice. The grounds of such motion may appear either in the notice of motion or in a supporting affidavit.

Accordingly, where the plaintiff alleges that it was necessary to have the examination to show that a certain person was the agent of the defendant and the defendant merely alleges broadly in an affidavit supporting his notice of motion to vacate, that the plaintiff is not entitled under the Civil Practice Act to the examination, the motion to vacate must be granted as the plaintiff has shown no special fact or circumstance entitling him to the examination and the moving papers are sufficient to cast that burden upon him.

APPEAL by the defendant, Ettie Fowler, from an order of the Supreme Court, made at the Richmond Special Term and entered in the office of the clerk of the county of Richmond on the 1st day of February, 1924, denying her motion to vacate plaintiff's notice of the taking of testimony of certain of defendant's witnesses before trial.

*Franklin Grady*, for the appellant.

*Carl D. Isaacs* [*Edward T. Kelley* with him on the brief], for the respondent.

Jaycox, J.:

The plaintiff gave notice that he would take the testimony of several witnesses. The defendant thereafter moved to vacate the notice. This motion was based on an affidavit made by one of the attorneys for the defendant in which no facts are stated as to the residence or health of the witnesses. At the hearing upon the motion the attorney for the plaintiff filed his affidavit in opposition, in which it was alleged that it would be necessary upon the trial of this action for plaintiff to prove that one Hubbard R. Yetman was the agent of the defendant and that the only way the plaintiff could prove that fact was by the testimony of the witnesses which plaintiff sought to examine. This the plaintiff claimed was a special circumstance which would permit the taking of the depositions of these witnesses before the trial. Of this claim I think it need only be said that this is not a special circumstance, but a very ordinary circumstance, in fact one that would be present in nearly all cases where an examination was attempted. Upon this appeal the respondent urges that defendant did not sustain the burden of showing reasons for vacating the notice. I think it unnecessary to discuss that question, as, under the Civil Practice Act (§§ 288–292), when the right to examine witnesses is challenged by a motion to vacate the notice, the burden is not on the moving party to show that the conditions which permit an examination do not exist; the party seeking the examination has the burden of sustaining the notice by showing the existence of facts entitling him to the examination. There is nothing to the contrary in rule 124 of the Rules of Civil Practice. The motion to vacate may be initiated by notice of motion only, in which case the grounds of the motion shall be stated in the notice and the moving party " may support " the motion by affidavit, as was done in th's case. When that is done, I think it is sufficient, if the grounds of the motion appear either in the affidavit or notice of motion. That was done in this case, the affidavit filed in support of the motion to vacate alleging broadly that " plaintiff is not entitled under the provisions of the Civil Practice Act to examine the defendant's witnesses pursuant to said notice." This, it seems to me, is clearly equivalent to an allegation that none of the facts exist which would entitle plaintiff to such examination. As previously stated, this cast upon plaintiff the burden of showing some fact or special circumstance entitling him to the exami-

nation. This he failed to do and the motion to vacate should have been granted.

The order denying the motion to vacate the notice should be reversed upon the law, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

KELLY, P. J., RICH, KELBY and KAPPER, JJ., concur.

Order denying motion to vacate plaintiff's notice of taking testimony reversed upon the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.