DANIEL F. FULTON, Respondent, *v.* NATIONAL ANILINE & CHEMICAL COMPANY, INC., Appellant.

*Depositions — examination of plaintiff's assignor and of corporation employee before trial granted — plaintiff's examination not permitted where testimony cannot be material and necessary — amendment on appeal of extent of proper examination — part examination permitted under liberal construction of Civil Practice Act,* §§ 288, 289.

Appeal from an order of the Supreme Court, made at the Westchester Special Term, and entered in the office of the clerk of the county of Westchester on March 6, 1925, denying defendant's motion for an order requiring the taking of the depositions of the plaintiff and certain other persons. The hearing of the appeal from said order has been transferred from the Second Department to the Fourth Department because of a change of venue.

PER CURIAM: We have reached the conclusion that the learned Special Term was in error in denying defendant's motion to examine the plaintiff's assignor under section 288 of the Civil Practice Act. The moving papers disclose that the testimony sought is " material and necessary " to the defendant in establishing its affirmative defenses. The testimony of the plaintiff cannot be material and

necessary and he should not be examined. Under the circumstances of this case we think that Justin F. Wait is a proper person to be examined under section 289 of the Civil Practice Act. According to the moving papers he was not an ordinary employee, who in no way represented his corporate employer, but he was an employee with discretion and control and represented the corporation in directing the construction of the machines in question. This court has consistently held that a liberal construction should be placed on the provisions of the Civil Practice Act permitting the examination of an adverse party or his assignor. (*Sands* v. *Comerford*, 211 App. Div. 406.) Within the rule repeatedly followed, the defendant is entitled to part of the examination sought. It is not, however, entitled to examine in regard to certain immaterial and unnecessary matters specified in the order to show cause. The first three paragraphs in the order to show cause which state the matters and issues upon which the defendant desires an examination are proper. The 4th paragraph is amended to read: " The royalties due to or claimed by said Justin F. Wait from Industrial Separators Company, Inc., on said machines or patents thereon." The 5th paragraph is amended by striking therefrom the words " manufacture and " in the first line thereof; also the words " The design, plans and specifications thereof and patents thereon." As so amended the issues upon which an examination may be had are properly stated in the order to show cause. The order denying the motion should be reversed, with ten dollars costs, and the motion granted, as herein provided. All concur. Present — Hubbs, P. J., Clark, Davis, Sears and Taylor, JJ. Order reversed, with ten dollars costs and disbursements, and motion for examination granted in part, in accordance with the opinion, without costs.