ESTER GERALDINE BRAY, Respondent, *v.* FERDINAND T. R. JEVONS, Appellant.

Third Department, November 12, 1925.

Depositions — examination of defendant before trial in action for breach of promise to marry — examination, except as to defendant's financial condition and social status, is for purpose of ascertaining defendant's version of transactions leading to action — examination will not be permitted for that purpose under Civil Practice Act, §§ 288 et seq.— no showing of materiality and necessity under Rules of Civil Practice, rule 124.

Plaintiff, in an action for breach of promise to marry, is not entitled to an examination of the defendant before trial, under sections 288 *et seq.* of the Civil Practice Act, for the purpose of ascertaining his version of the transactions leading up to the action, all of which transactions were equally well known to the plaintiff, though she is entitled to an examination concerning defendant's financial condition and social status.

Furthermore, there is no showing in this case that the evidence sought is material and necessary within the meaning of rule 124 of the Rules of Civil Practice.

VAN KIRK, J., dissents.

APPEAL by the defendant, Ferdinand T. R. Jevons, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Albany on the 4th day of May, 1925, modifying the notice for the taking of the testimony of the defendant and denying the motion of the defendant to vacate the same and directing the examination of the defendant to be taken under the said notice as modified by said order on the 8th day of May, 1925.

*Emanuel A. Stern* [*Isadore Bookstein* of counsel], for the appellant.

*C. Bertrand Race* [*Harold H. Corbin* of counsel], for the respondent.

HINMAN, J.:

The action is for damages for breach of promise to marry and seduction of the plaintiff under promise of marriage. The plaintiff served a notice for examination of the defendant before trial. The defendant, by order to show cause, brought on a motion to vacate the notice upon the ground (1) that the testimony sought to be taken is not material and necessary to the plaintiff; (2) that the examination is not sought in good faith; (3) that the interests of justice would not be subserved by the proposed examination. The court made some modifications of the notice, denied the motion to vacate and directed the examination of the defendant under the modifying order. The appeal is from that order.

The notice consists of eighteen paragraphs of items concerning

which it was proposed to examine the defendant and is too voluminous to be stated in this opinion. No useful purpose would be served in so doing because, as modified by the order, the subject-matter of the items involved may be generally described as relating to acts or conversations or correspondence had between the parties themselves at numerous times and places, and circumstances attendant thereupon, known equally to both parties personally, with the exception of items 15 and 17 relating to the financial condition of the defendant and his social standing in the community in which he resided. More specifically the plaintiff seeks to obtain no more than the defendant's version of facts known to both of them, events which transpired in the presence of both of them, acts and conversations solely between themselves, in places observed by them in each other's presence, covering a long period of private intercourse between the parties, together with correspondence between the parties in the form of letters.

This court has adopted a liberal interpretation of the Civil Practice Act (§§ 288 *et seq.*) relating to examination of an adversary before trial and has held that the right to such examination is more freely given under the Civil Practice Act than under the Code of Civil Procedure. (*Eagle-Picher Lead Co.* v. *Mansfield Paint Co., Inc.,* 201 App. Div. 223; 203 id. 9; *Combes* v. *Maas,* 209 id. 330.) In *Combes* v. *Maas* (*supra*) we held that the examination of the adverse party " need not be limited to those issues of which the moving party has the affirmative." In *Eagle-Picher Lead Co.* v. *Mansfield Paint Co., Inc.* (203 App. Div. 9, 12) we said: " We know no reason why a party should not be called upon to disclose to his adversary the information he has concerning the case between them. The court has no interest in assisting the party to conceal the grounds of his prosecution or his defense, in the hope that surprise at the trial may give him advantage." There is a wide divergence, however, between concealing one's knowledge of facts not known to the party examining and concealing one's version of facts which the examining party has had an equal opportunity to know. In the exercise of sound discretion the court may permit an adversary to be examined as to concealed facts where " material and necessary in the prosecution or defense of the action," but not simply as to the adversary's version as to the facts known to both. A party does not need the disclosure of that kind of information. That is in effect a cross-examination before trial for the sole purpose of attacking the credibility of the adverse party. (*Lattimer* v. *Sun-Herald Corp.,* 208 App. Div. 503; *Sands* v. *Comerford,* 211 id. 406.) Our liberal ruling was not intended to permit such unlimited freedom in examination. If there were

possibly any exceptional circumstances rendering it necessary and material that the plaintiff should examine the defendant as to any of these matters to which we have referred, the plaintiff has failed to show, by affidavit or suggestion, that any of the desired testimony is " material or [and] necessary for the party who served the notice." (Rules Civ. Prac. rule 124.) We deem it unnecessary and not in the interests of justice that the defendant should be examined as to any of the items set forth in the notice with the exception of numbers 15 and 17 as modified at the Special Term. The order should be modified by striking out all items from the notice of examination except 15 and 17 and as so modified affirmed, without costs. Time and place for examination may be fixed in the order.

All concur, except VAN KIRK, J., who votes for reversal on the ground that the taking of testimony was not sought in good faith, and under the circumstances disclosed here will not serve the ends of justice.

Order modified as per opinion, without costs. Motion for stay granted, with ten dollars costs.