ISAAC KIRMAN, Plaintiff, v. WILLIAM FRIES; Defendant.

Supreme Court, Saratoga County, March, 1927.

Depositions — examination of defendant before trial — application by defendant under Civil Practice Act, § 291, to vacate notice — affidavit by defendant's attorney, raising question of propriety of examination, sufficient — failure of plaintiff to submit affidavits in opposition to defendant warrants vacation of notice for examination.

On this motion, under section 291 of the Civil Practice Act, to vacate a notice requiring the defendant to appear for an examination before trial in an action to recover real estate commissions, the affidavit of defendant's attorney, which challenges plaintiff's right to have the examination, is sufficient to cast upon the plaintiff the burden of showing the necessity of the examination, and where the plaintiff appears to have been present during all the conversations and transactions between the parties, which are specified in the proposed examination, and fails to submit answering affidavits, the notice for the examination must be vacated.

MOTION by defendant to vacate a notice requiring him to appear for examination before trial.

*Butler, Kilmer, Hoey & Butler* [*Charles L. Hoey* of counsel], for the plaintiff.

*Benjamin K. Walbridge,* for the defendant.

GOLDSMITH, J. Plaintiff sues upon an alleged agreement with the defendant to recover from him commissions claimed to be earned through the exchange of certain real property owned in common by the defendant and others. The answer is a general denial with two defenses.

The plaintiff has served upon defendant's attorney a notice as provided by the Civil Practice Act (§ 288 *et seq.*), directing the defendant to appear before a referee for examination before trial concerning the items enumerated in said notice. The proposed examination covers seven specifications, all of which consist of conversations and transactions between the plaintiff and the defendant, and between the plaintiff, the defendant and third parties; the plaintiff and defendant being present upon all of the occasions mentioned in said notice.

The defendant, upon an affidavit of his attorney, secured an order to show cause why the notice requiring him to be examined should not be vacated and challenges the right of the plaintiff to have the examination. The defendant states his reasons broadly. So far as material to the determination of this motion they are: 1. That the said notice is not in good faith but a mere ".fishing

excursion " on the part of the plaintiff.   2. That the interest of justice would not be subserved by the proposed examination.   3. That the plaintiff is attempting to examine the defendant for the purpose of ascertaining his version of the transactions leading up to the action, all of which transactions are equally well known to the plaintiff.   4. That the plaintiff was present at all the times mentioned in the notice, as so stated, and that the defendant is not in possession of concealed facts.   5. That the said examination is in effect a cross-examination before trial for the sole purpose of attacking the credibility of the defendant.

Under the new practice all parties are subject to examination before trial.   (Civ. Prac. Act, § 288 *et seq.*)   A notice in compliance with section 290 of the Civil Practice Act is sufficient to summon the adverse party for examination.   If the right to the examination is questioned the burden of applying to the court is cast upon the party who is subject to examination.   (*Buehler* v. *Bush,* 200 App. Div. 206.)   After application has been made to the court to vacate the notice, the moving party is under no obligation " to show that the conditions which permit an examination do not exist " but " the party seeking the examination has the burden of sustaining the notice by showing the existence of facts entitling him to the examination." (*Lovasz* v. *Fowler,* 209 App. Div. 169.)

In this case the defendant, upon affidavit of his attorney, procured an order to show cause questioning the right of the plaintiff to have the examination.   (Civ. Prac. Act, § 291; Rules of Civil Practice, rule 124.)   The plaintiff asserted upon the argument that the affidavit of defendant's attorney is insufficient in that it consists of conclusions and is made without the knowledge which the defendant necessarily possesses.   The affidavit may be made by the attorney (*Klein* v. *Pothmont,* 119 Misc. 322), and for the purposes of this motion it is sufficient to cast upon the plaintiff the burden of showing the necessity of the examination.   (*Lovasz* v. *Fowler, supra.*)   The plaintiff has failed to file answering affidavits, as he had a right to do.   (Civ. Prac. Act, § 291.)   The motion must, therefore, be determined upon the notice of the taking of the testimony, the pleadings, and the affidavit submitted upon behalf of the defendant.   (Civ. Prac. Act, § 291.)

The notice is explicit that the plaintiff was present during all of the conversations and transactions specified in the proposed examination and the defendant claims that the plaintiff must be as well acquainted with such conversations and transactions as the defendant.   The examination is being sought in aid of issues which the plaintiff must prove and his presence during all of the

conversations and transactions mentioned in the notice is not necessarily conclusive that he is fully acquainted with them. (*Klapp* v. *Merwin*, 122 Misc. 708; affd., 209 App. Div. 843.) If, however, he has full knowledge of such conversations and transactions, this proposed examination would not be conceived in good faith or subserve the interests of justice. It would be, in effect, an attempt to cross-examine the defendant for the purpose of attacking his credibility and securing his version of the facts. (*Bray* v. *Jevons*, 214 App. Div. 306.) Here, the propriety and need of this examination have been directly raised by the defendant, and the plaintiff has not produced any proof by affidavit or otherwise to controvert this contention and to show facts or special circumstances entitling him to the examination. Upon the papers before the court there is no doubt that can be resolved in favor of the plaintiff that he lacks full information of all of the conversations and transactions set forth in the notice.

The motion to vacate the notice for examination of the defendant is granted, with ten dollars costs.