FRANK KELLY, as Administrator, etc., of MARY M. KELLY, Deceased, Appellant, v. LONG ISLAND RAILROAD COMPANY, Respondent.— Judgment and order reversed upon the law and the facts, and new trial granted, costs to appellant to abide the event. We are of opinion that the learned trial court erred in charging the jury that the order of the Public Service Commission, plaintiff's Exhibit 2, did not require the defendant railroad company to have a guard stationed between each two adjoining cars of the train, and in refusing to allow the jury, in reaching their verdict, to consider the absence of a guard. Whether or not the absence of a guard in the circumstances was a proximate cause of the accident was a question of fact. We also reach the conclusion that it was error for the court to charge the jury that the order of the Public Service Commission stated that "there was no duty imposed upon the railroad company to have a guard there, or to have the trap door down." Such construction of the order was prejudicial to the plaintiff, for, under the charge as made, the jury were prevented from considering, as evidence of negligence, any violation of the order. Kelly, P. J., Manning, Young, Kapper and Hagarty, JJ., concur.

WALTER T. LINDE, Respondent, v. GEORGE W. FOOTE, Appellant. EDWARD CHARETTE, Defendant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Young, Kapper, Lazansky and Hagarty, JJ.

RICHARD F. LUCEY, Appellant, v. BERTHA KEGEL and REALTY ASSOCIATES, Respondents.— Order dismissing complaint and directing judgment affirmed, with ten dollars costs and disbursements. This court cannot pass upon the judgment since it is not in the record. Kelly, P. J., Young, Kapper, Lazansky and Hagarty, JJ., concur.

DAVID T. McGRATH, Appellant, v. RUDOLPH BLUMENTHAL and ALEXANDER H. ROSENBAUM, Respondents.— Order vacating examination of defendant Rudolph Blumenthal before trial reversed upon the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. The fact, if it be a fact, that plaintiff already has knowledge of the matters sought to be elicited by the examination of said defendant is no reason for refusing the examination. (Istok v. Senderling, 118 App. Div. 162; Terry v. Ross Heater & Mfg. Co., 180 id. 714; Pierce v. Morris, 192 id. 502; Richards v. Whiting, 127 id. 208.) Kelly, P. J., Young, Kapper, Lazansky and Hagarty, JJ., concur.

WILLIAM M. PACK, Respondent, v. LINDE AIR PRODUCTS COMPANY, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Young, Kapper, Lazansky and Hagarty, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. LEWIS CHAPMAN, Defendant. CARMELO LAMPASONA, Surety, Respondent.— Order remitting forfeiture of bail bond and vacating judgment entered on said forfeiture reversed upon the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, upon the ground that the application was not made within the time prescribed by section 598 of the Code of Criminal Procedure.* Kelly, P. J., Young, Kapper, Lazansky and Hagarty, JJ., concur.

*Amd. by Laws of 1926, chap. 478.— [REP.