WESTERN ELEVATING ASSOCIATION, INC., Respondent, *v.* LEVI S. CHAPMAN and Another, Appellants.

Fourth Department, March 15, 1933.

*Hancock, Dorr, Kingsley & Shove* [*Harold M. Weisenberg* of counsel], for the appellant First Trust and Deposit Company.

*Chapman, Newell & Crane,* for the appellant Chapman.

*Jacob M. Zinaman,* for the respondent.

EDGCOMB, J. Defendants contest the propriety of an order permitting the plaintiff to take the testimony of Levi S. Chapman, one of the defendants, and of Elmer T. Eshelman and Joseph S. Carter, former officers of the defendant First Trust and Deposit Company, before trial, and requiring each defendant to produce upon such examination all books, records and data in any way relating to the matters covered by the examination, for the purpose of refreshing the recollection of the persons to be examined.

Section 288 of the Civil Practice Act provides that any party to an action may cause the testimony of the other party to be taken by deposition, where such testimony is material and necessary in the prosecution or defense of the action. A party is likewise entitled to take the testimony of any other person, where such person resides more than one hundred miles from the place of trial. Messrs. Eshelman and Carter live in Syracuse, more than a hundred miles from Buffalo, where this action is to be tried.

Without going into details, we think that the order, in so far as it permits the plaintiff to take the testimony of the persons named, is proper. It can fairly be said that the matters concerning which the examination is sought are material and necessary in the prosecution of plaintiff's cause of action. The examination relates to issues concerning which the movant has the burden of proof. While it is possible that the facts sought to be elicited from Mr. Chapman are equally well known to Mr. Pierce, the president of the plaintiff, and can be proven by him, I know of no rule which

deprives a party of the right to prove his case by his adversary, if he can do so, and is willing to take that chance.

Appellants urge that the facts bring this case within the rule laid down in *Bray* v. *Jevons* (214 App. Div. 306), where it is held that a party is not entitled to examine his opponent before trial for the purpose of ascertaining his adversary's version of the facts which are equally well known to the movant. If that is the aim of this examination, the application should be denied. A party is never entitled to an examination before trial for the purpose of cross-examining his opponent. Upon the record before us, we are unable to say that this examination is sought for that purpose alone. In view of the peculiar nature of the action, and the difficulty which the plaintiff will have to prove its case, I do not think that the Special Term abused its discretion in permitting the plaintiff to take the testimony of the persons named before the trial of the action.

The propriety of that portion of the order which requires the defendant trust company to produce its books, records and data, so that the same may be marked in evidence, and used for the purpose of refreshing the recollection of the persons to be examined, is more troublesome.

The only provision which would warrant this part of the order is contained in section 296 of the Civil Practice Act, and reads as follows: " If the deposition is to be taken pursuant to an order, *the order may require, in a proper case, the production of books and papers in the custody of the party or person to be examined,* as to the contents [of which an examination or inspection is desired." (Italics mine.)

It will be noted that this section confines the books and papers which may be required to be produced upon an examination before trial to those of the party or person who is to be examined.

While the provisions of the Civil Practice Act relating to examinations before trial should receive a liberal construction, so as to facilitate examinations of this character, under proper restrictions (*Sands* v. *Comerford*, 211 App. Div. 406, 407; *Bloede Co.* v. *Devine Co.*, Id. 180, 182; *Marine Trust Co.* v. *Nuway Devices, Inc.*, 204 id. 752, 754; Civ. Prac. Act, § 2), yet, as is pointed out by Judge SEARS in *Sands* v. *Comerford* (211 App. Div. 406), the mandate of the statute must govern. There is a limit beyond which the court should not go.

The defendant trust company is not being examined here. A corporation can only act through its agents, and not through some stranger. Section 289 of the Civil Practice Act directs that a corporation may be examined before trial by taking " the

testimony of one or more of its officers, directors, managing agents or employees." A corporation cannot be examined through one who at the time is not an officer or employee thereof. (*Schmitt v. Neapolitan Ice Cream Co.*, 213 App. Div. 884; *Chartered Bank of India v. North River Ins. Co.*, 136 id. 646, 649.)

Concededly, Mr. Eshelman and Mr. Carter have no connection with the defendant trust company. At one time Mr. Eshelman was a director of the trust company and chairman of its board of directors, but he resigned and severed all connections with the institution in August, 1930, more than a year before the commencement of the present action. Mr. Carter was formerly assistant vice-president of the trust company, but he relinquished his position upwards of two years before this action was commenced.

We are met with a situation here where the books and papers of the bank are ordered to be produced upon a hearing, where the bank is not being examined, for the inspection of persons who are in no way connected with the institution, in order that they may refresh their recollection, and thus be enabled to better answer the questions which may be asked of them on the examination.

The danger surrounding such a situation is apparent at a glance. Public policy demands that the inspection of the books and records of a bank should be properly safeguarded, and that they should not be promiscuously thrown open to the gaze of strangers. If officials of the bank were being examined, there could be no harm in their referring to the books to refresh their recollection; they always have access to the books; they are, in reality, the bank, and no harm can come to a party if he examines his own records. But it is easy to see how the situation would be very different if the books were turned over to some stranger to mull over and examine, even if the purpose was to enable him to better answer the questions propounded to him.

It must be borne in mind that the present application is one for the examination before trial of an adverse party and " other persons," and not one for a discovery and inspection of the books and papers of the defendant trust company. There is a fundamental distinction between the two remedies. (*Mauthey v. Wyoming County Co-operative Fire Ins. Co.*, 76 App. Div. 579; *Matter of Sands*, 98 id. 148; *Boeck v. Smith*, 85 id. 575.)

The effect of the order appealed from is to permit the examination of the books and papers of the defendant trust company, independently of the examination of that defendant. Section 296 of the Civil Practice Act does not authorize such procedure. (*Singer v. National Gum & Mica Co.*, 211 App. Div. 758.)

The provision which requires the defendant First Trust and Deposit Company to produce its books and records upon the examination should be stricken from the order, and as thus modified the order should be affirmed.

All concur.

Order modified on the law by confining the books to be produced to those in control or possession of the persons to be examined and permitting optionally for an examination to proceed before a referee to be appointed upon the return to the order, and as so modified is affirmed, without costs.