EDITH REINHARDT, Plaintiff, *v.* SADIE ROSENBERG, Defendant.

Municipal Court of New York, Borough of Brooklyn, First District, June 15, 1934.

*Charles H. Sterenfeld,* for the plaintiff, for the motion.

*Andrews, Baird & Shumate,* for the defendant, in opposition.

SWEEDLER, J. Plaintiff seeks to examine before trial a person who is not a party to the action. The suit was brought to recover damages for personal injuries alleged to have been sustained by reason of the defendant's negligence in the maintenance and operation of certain premises. An examination before trial of the defendant, who is the owner of the premises, was already had. In that examination the defendant testified that her father took care of the premises and that he collected the rents and made all necessary repairs. Plaintiff now wants to examine the father on the questions of agency and notice.

To justify taking the deposition of a person not a party to the action who is not about to depart from the State, is not without the State, does not reside more than 100 miles from the place of trial and is not so sick or infirm as to afford reasonable ground of belief that he will not be able to attend the trial, it must be made to appear that " other special circumstances " render it proper that his deposition should be taken. (Civ. Prac. Act, § 288; *McCullough* v. *Auditore*, 216 App. Div. 510.) The term " other special circumstances " has been held to refer ordinarily to circumstances such as will make the presence and evidence of the witness at the trial doubtful and uncertain, and relate to his personal condition and purposes as bearing upon the probability of his future attendance at the trial. (*Town of Hancock* v. *First Nat. Bank*, 93 N. Y. 82, 86.) No such circumstance is presented here. The situation is quite usual and ordinary. As was said by the Appellate Division in this Department (*Lovasz* v. *Fowler*, 209 App. Div. 169), " it was alleged that it would be necessary upon the trial of this action for plaintiff to prove that one Hubbard R. Yetman was the agent of the defendant and that the only way the plaintiff could prove that fact was by the testimony of the witnesses which plaintiff sought to examine. * * * Of this claim it need only be said that this is not a special circumstance, but a very ordinary circumstance."

Motion denied. Submit order.