ANTHONY RALPH, Plaintiff, *v.* HENRY SCHICKER, Defendant.

City Court of Rochester, Civil Branch, March 18, 1937.

*MacFarlane & Harris* [*Darrow A. Dutcher* of counsel], for the plaintiff.

*Weldgen, Newton, Morgan & Little* [*John R. Little* of counsel], for the defendant.

TOMPKINS, J. The plaintiff has sued the defendant to recover damages for his failure to accept and pay for an automobile sold under a written contract. The defendant denies generally, and then affirmatively alleges that on December 19, 1936, he made an offer in writing to purchase the described automobile, but that there was to be no liability unless plaintiff allowed him $225 for his used car; that the plaintiff refused, but made a counter proposition to allow $214, which defendant refused to accept, and thereupon revoked his offer to purchase the car.

The defendant now moves to examine one Appel, plaintiff's agent, with whom the negotiations in question were had, as to " statements

and conversations made by said Appel on the 19th of December, 1936, and at times subsequent thereto concerning the alleged agreement to purchase a 1937 Packard." The plaintiff objects to permitting the examination of Appel as to these conversations upon the ground that they were had with the defendant himself and, therefore, Appel's testimony as to them is not necessary to the establishment of defendant's defense.

Section 514 of the Charter of the City of Rochester (Laws of 1907, chap. 755, as amd. by Laws of 1926, chap. 276) is the source of defendant's authority for this examination. It provides: " Any party to such an action also, may cause to be taken the testimony of any other person which is material and necessary." This provision is substantially like that of section 288 of the Civil Practice Act. Decisions construing this section of the Civil Practice Act are applicable to a construction of the provision governing our City Court.

The defendant cites numerous cases in support of the general proposition that knowledge of the matters of the proposed examination on the part of the applicant is not bar thereto. Similar statements have been made frequently by the appellate courts in reviewing the right to such an examination.

The general statement that " Knowledge of these matters on the part of the plaintiffs is no bar to such an examination " is made in a short memorandum without a discussion of the facts in *Matza* v. *Monks* (245 App. Div. 732), citing *Berger* v. *Day* (228 id. 819), which likewise makes a similar statement in an equally short memorandum, and also supports it by citations from similar memoranda decisions made in the same Second Department, including *McGrath* v. *Blumenthal* (220 App. Div. 781). This latter case cites *Istok* v. *Senderling* (118 App. Div. 162), a First Department decision. The *Istok* case was an application by the plaintiff to examine the defendants as to the fact that they were copartners, which was essential to the maintenance of the action. The court stated that because the complaint was not upon information and belief (thereby implying personal knowledge on behalf of the plaintiff) it did not justify a refusal of the examination. It does not appear from the opinion, however, that the plaintiff was competent to testify to the alleged fact of partnership. Consequently, it is not authority for the proposition that a party may examine his adversary on a matter concerning which the applicant himself has actual knowledge and is competent to testify.

In the Third Department, the court in *Wertheim* v. *Grombecker* (229 App. Div. 16), states that " It is not the rule that though the plaintiff may have had *some* knowledge of the material facts or

could have acquired it *from other sources*, an examination will be denied," citing, among others, *Green* v. *Selznick* (220 App. Div. 12). (Italics ours.) In the opinion of HUBBS, P. J., Fourth Department, in the last case, the rule is stated at page 14: " The fact that the defendants have witnesses who may give testimony upon the affirmative defenses does not deprive them of the right to examine the plaintiff upon these issues."

It thus appears that while these memoranda decisions which state broadly that the applicant's knowledge of the facts will not bar his examining his adversary, the statement is not unqualifiedly supported in the cited opinions.

In *Green* v. *Selznick* (*supra*) the fact that the applicant had other witnesses did not preclude his examining his opponent. It did not appear therein that the applicant himself could testify. The term " knowledge " as used in these memoranda does not mean knowledge acquired by participation with the opposing party in the event or the negotiation concerning which examination is sought, but rather it seems to mean information acquired by the applicant from others.

The test of the court's power to direct an examination is that the testimony is both " material and necessary." (*Public National Bank* v. *City National Bank*, 261 N. Y. 316, 321, 322.) If a plaintiff would examine a defendant as to a conversation in which both participated, while the testimony may be material, it is not necessary; for the plaintiff's own lips may disclose all that is material. He may not put his adversary to oath merely to save himself from testifying, nor solely to bind, or by artful cross-examination, to entrap his opponent before trial. Were the plaintiff dead or incompetent, then the testimony of the defendant-survivor would be necessary to establish the case of his personal representative. Not so, while the plaintiff may still testify.

" The parties should be seeking truth, not playing a game." (*Marine Trust Co.* v. *Nu-Way Devices, Inc.*, 204 App. Div. 752, 753.) He who knows the truth is but playing a game when he seeks to force his adversary to testify to what he, himself, may disclose. Were it otherwise, each could examine the other before the same referee on matters of which both were equally cognizant, and then disregard the testimony upon the trial.

For these reasons the defendant may not examine the plaintiff's agent as to the conversations had with himself.