Murray Arenstein, Appellant-Respondent, *v.* Mogull's Film & Camera Exchange, Inc., Respondent-Appellant.

First Department, April 24, 1951.

*Sidney C. Norris* for appellant-respondent.

*Maurice Kozinn* for respondent-appellant.

*Per Curiam.* The defendant moved, under the authority of *Dorros, Inc., v. Dorros Bros.* (274 App. Div. 11) to examine the plaintiff in an action brought by the plaintiff, a real estate broker, to recover compensation under an oral contract of employment for services rendered by him to the defendant and for which the defendant promised and agreed to pay. The court at Special Term disallowed items 1 and 2 of the proposed examination reading as follows:

" 1. That no agreement of any kind, either written or oral was ever made between the plaintiff and the defendant.

" 2. That the alleged agreement set forth in the complaint was never made."

Under *Dorros, Inc.,* v. *Dorros Bros.* (*supra*) these items should have been allowed for they directly involve the allegations of the complaint on the basis of which the plaintiff sought recovery.

Items 3, 4 and 5 of the proposed examination before trial were allowed by the learned court at Special Term. Those items read as follows:

" 3. The interest of the plaintiff in the landlord corporation owning the building, 68 West 48th Street, New York City, containing the store formerly occupied by the defendant.

" 4. The nature or terms of employment of the plaintiff in the landlord corporation owning premises 68 West 48th Street, New York City, wherein is contained one of the stores formerly occupied by the defendant.

" 5. The interest of the plaintiff as a stockholder, director or officer in the landlord corporation owning premises 68 West 48th Street, New York City, which contained the store formerly occupied by the defendant."

Those items, in our opinion, should have been disallowed because they are not addressed to any issues raised by the pleadings.

The order appealed from should be reversed in all respects, without costs. On defendant's appeal the examination under items 1 and 2 should be allowed, and on plaintiff's appeal the examination under items 3, 4 and 5 should be disallowed. Settle order on notice.

DORE, J. P., COHN, CALLAHAN, VAN VOORHIS and SHIENTAG, JJ., concur.

Order unanimously reversed in all respects, without costs. On defendant's appeal the examination under items 1 and 2 are allowed, and on plaintiff's appeal the examination under items 3, 4 and 5 are disallowed. The date for the examination to proceed shall be fixed in the order. Settle order on notice.