Richard J. Sherman, J.
Plaintiff moved for an examination such examination before trial is within the discretion of the court. (Public Nat. Bank v. National City Bank, 261 N. Y. 316.) of the defendant pursuant to sections 288 and 290 of the Civil Practice Act. The defendant secured an order to show cause with stay for the purpose of vacating the notice of examination.
I have examined the law with respect to the proposed examination of the defendant by the plaintiff. The law is clear that
The case cited by the defendant (Ralph v. Schicker, 162 Misc 380) merely attempts to qualify the decisions of the appellate courts which decisions seem to be directly to the contrary. For example the court in Wertheim v. Grombecker (229 App. Div. 16, 18) states: “these provisions * * * [examinations before trial] should be liberally construed ” citing Eagle-Picher Lead Co. v. Mansfield Paint Co. (201 App. Div. 223); Marine Trust Co. v. Nuway Devices (204 App. Div. 752); Fulton v. National Aniline & Chem. Co. (214 App. Div. 846), and Green v. Selznick (220 App. Div. 12).
Further it is stated (p. 18): “it is not the rule that though the plaintiff may have had some knowledge of the material facts or could have acquired it from other sources, an examination will be denied.” (McGrath v. Blumenthal, 220 App. Div. 781; Drake v. Line-A-Time Mfg. Co., 226 App. Div. 717; Pierce v. Morris, 192 App. Div. 502, 505.)
In Arenstein v. Mogull’s Film & Camera Exch. (278 App. Div. 139) the defendant moved under authority of Marie Dorros, Inc., v. Dorros Bros. (274 App. Div. 11) to examine the plaintiff in an action brought by the plaintiff, a real estate broker, to recover compensation under an oral contract of employment for services rendered by him to the defendant and for which the defendant promised and agreed to pay. The court disallowed items 1 and 2 of the proposed examination reading as follows:
“ 1. That no agreement of any kind, either written or oral was ever made between the plaintiff and the defendant.
“ 2. That the alleged agreement set forth in the complaint was never made.”
Upon appeal the court stated (p. 140): “ these items should have been allowed for they directly involve the allegations of *19 the complaint on the basis of which the plaintiff sought recovery.”
The examination should be allowed and the stay contained in the order to show cause granted to the defendant vacated. Submit order.