Matthew J. Jasen, J.
This is a motion pursuant to rule 121-a of the Rules of Civil Practice for an order for a physical examination of certain named individuals, whose claims for damages for personal injuries, medical and hospital expenses and loss of wages against the defendants herein have become subrogated by reason of the operation of the Workmen’s Compensation Law of the State of New York, and specifically, section 29 thereof.
The plaintiffs oppose the motion on the grounds that the persons whom defendants seek to examine are not parties to this action and therefore the defendants are not entitled to same. They further oppose said motion, maintaining that if an order were to be granted that same would be futile and unenforcible.
Section 288 of the Civil Practice Act in part provides: “A party to such an action also may cause to be so taken the testimony, which is material and necessary, of the original owner of a claim which constitutes, or from which arose, a cause of action acquired by the adverse party” (emphasis supplied).
Section 289 of the Civil Practice Act provides in part: “When an adverse party, or an original owner of a claim whose testimony may be taken by deposition” (emphasis supplied).
In Manufacturers Trust Co. v. American Nat. Fire Ins. Co. (232 App. Div. 536) the court said: “The persons whom plaintiff sought to examine, although not parties to the action, were so related to the acts which plaintiff must prove and the circumstances of their connection with the alleged wrongful conduct of defendants were such that we conclude that an examination ought to have been allowed.”
In Fulton v. National Aniline & Chem. Co. (214 App. Div. 846) the court held that the defendant was entitled to examine an employee of plaintiff’s assignor. The court said (p. 847): “According to the moving papers he was not an ordinary employee, who in no way represented his corporate employer, but he was an employee * * * This court has consistently held that a liberal construction should be placed on the provisions of the Civil Practice Act permitting the examination of an adverse party or his assignor.” (Emphasis supplied.)
The court finds that the defendants are entitled to have the injured assignors, by virtue of statute, examined as requested in said motion.
*69 The question of whether the instant plaintiffs do possess such control of their assignors, should not be determined at this time, but upon a motion to stay the plaintiffs in the event the assignors fail to appear at the physical examination on the date to be mutually agreed upon by the parties thereto.
Submit order.