Maximilian Moss, S.
This is a motion by the administrator with the will annexed to vacate the order for the examination before trial of Elmira Alberry. The order for such examination was based on an oral motion made by the attorney for the respondents Egan and Clark in open court when the proceeding was called for preliminary hearing. The motion was agreed to by all the parties. At the time Elmira Alberry was the executrix of the estate of testatrix and as ,s.uch the petitioner in this discovery proceeding. Since then she has been adjudicated an incompetent, a committee appointed for her person and property, she has been removed as executrix and her committee has been apjpointed administrator c. t. a. An order has been made making the incompetent individually a party respondent to the proceeding.
As the motion on which the order was based was made orally in open court there are no affidavits indicating the scope of the examination or that it is material and necessary for the said respondents to prepare their defense to the proceeding. On the argument of the present motion the attorney for the said respondents stated that its purpose was to use the testimony obtained on the examination before trial for use in attacking the credibility of any testimony that Elmira Alberry might give on the trial.
Both respondents Egan and Clark have filed answers in the proceeding each asserting title by gift from Elmira Alberry of certain property mentioned in the petition. As to other property, they allege title as trustees with a third respondent under agreement in writing executed by the said Elmira Alberry. It is apparent from the pleadings that the proof on the part of the respondents will probably involve conversations and transactions with the said Elmira Alberry. It is obvious, therefore, that the respondents must have a full and complete knowledge of their respective conversations and transactions with Mrs. Alberry. Under the circumstances the examination before trial would be in the nature of a cross-examination and an attempt to obtain material to attack the credibility of the adverse party. In fact it has been admitted to the court by counsel for respondents that this is the purpose of the examination. Examinations before trial in such situations have been discouraged and denied.
“ In the exercise of sound discretion the court may permit an adversary to be examined as to concealed facts where ‘ material and necessary in the prosecution or defense of the action,’ but not simply as to the adversary’s version as to the facts known to both. A party does not need the disclosure of *736 that kind of information. That is in effect a cross-examination before trial for the sole purpose of attacking the credibility of the adverse party. (Lattimer v. Sun-Herald Corp., 208 App. Div. 503; Sands v. Comerford, 211 id. 406.) ” (Bray v. Jevons, 214 App. Div. 306, 307; see, also, Western Elevating Assn. v. Chapman, 238 App. Div. 14; Tremblay v. Lyon; 176 Misc. 906; Kirman v. Fries, 128 Misc. 861.)
The motion to vacate the order for the examination of Elmira Alberry is accordingly granted.
Submit order.