Matthew J. Jasen, J.
This is a motion by defendant for an order directing plaintiff to answer certain questions and for a further order directing the further examination of plaintiff along the lines developed at the pretrial examination.
Plaintiff sued defendant for injuries suffered while engaged as a switchman for defendant. Defendant in its answer denies these allegations and further alleges that plaintiff executed and delivered a general release to defendant. At the examination before trial, pursuant to sections 288, 289, 290 and 301 of the Civil Practice Act and rule 121-a of the Rules of Civil Practice, defendant contends that plaintiff refused to answer the following:
At page 44, line 8 of the deposition, deponent was questioning plaintiff with respect to execution of the general release, as follows: “Would you tell me what the conversation was that you had with Mr. Merldey or with Mr. Harp (agents for defendant) which led up to the signing of this release! ” Plaintiff’s attorney refused to permit an answer, since defendant already knew the answer to this question.
At page 45, line 21 of the deposition, plaintff was asked: “At any time prior to the time that you signed this release, had you ever had any claims against the South Buffalo Railway *1026 Company? ” This question was directed toward plaintiff’s knowledge of similar documents and releases and his knowledge concerning the same.
At page 47, line 20, the plaintiff was asked about his discussions in regard to his claim against the South Buffalo Railway and specifically was asked the following: u You didn’t talk at all”. Plaintiff’s attorney directed the witness not to answer.
At page 51, line 5, plaintiff was asked: “ What was the conversation you had with reference to paying you any money? ’ ’ Plaintiff’s attorney refused to allow plaintiff to answer.
Again, at page 51, line 17, plaintiff was asked: ‘ ‘ What did he say he wanted from you in exchange for paying you that thirty-five dollars (the consideration for the release) if anything'? ” Again, plaintiff’s attorney refused to let him answer.
The defendant contends that the questions propounded to the plaintiff are material and relevant with reference to the execution of the release and with reference to plaintiff’s claim that he did not know he was executing a release and that it was obtained from him by fraud and misrepresentation.
The plaintiff takes the position that said questions were not material and necessary and need not be answered since the information was well known to the defendant.
In reading the examination before trial of the plaintiff, the court is of the opinion that the questions propounded to him which he was directed not to answer by his attorney, were improper and the plaintiff need not answer them.
To direct the plaintiff ‘ to answer these questions would in effect constitute a cross-examination of him before trial for the sole purpose of attacking his credibility (Matter of Riegelman, 13 Misc 2d 734).
These questions relate to conversations in which the employees and agents of the defendant participated, and they should be possessed of complete knowledge and information as to what was said on the occasion of the signing of the release. It is improper to examine as to the adversary’s version of a conversation known to both. A party is not entitled to the disclosure of that kind of information (O’Brien v. Syracuse Lineoleum Floors, 84 N. Y. S. 2d 12; Ralph v. Schicker, 162 Misc. 380; Tremblay v. Lyon, 176 Misc. 906, 910; Skolny v. Richter, 132 App. Div. 680).
Prepare and submit order accordingly.